

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

        Case No. 2:13cr036

v.

        ORDER ON MOTION FOR
        SENTENCE REDUCTION UNDER
        18 U.S.C. § 3582(c)(1)(A)

        (COMPASSIONATE RELEASE)

SHANE DIAZ-ALBERTINI

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a

reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable

factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the

Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

    ☐ The defendant's previously imposed sentence of imprisonment of       is reduced to

. If this sentence is less than the amount of time the defendant already served, the sentence

is reduced to a time served; or

    ☐ Time served.

    If the defendant's sentence is reduced to time served:

        ☐    This order is stayed for up to fourteen days, for the verification of the

        defendant's residence and/or establishment of a release plan, to make

        appropriate travel arrangements, and to ensure the defendant's safe

        release. The defendant shall be released as soon as a residence is verified,

        a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of        months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before         , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant contends he has prostate cancer which qualifies as an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c) that warrants compassionate release.  Medical records provided by the Bureau of Prisons ("BOP") note that Defendant has a history of prostate cancer and that it has recently reoccurred.  The medical records also show that Defendant has received the medical treatment he requires.  Despite his diagnosis, the records do not indicate that Defendant is unable to engage in self-care within the BOP facility.  In light of COVID and the increased risk Defendant faces, however, the Court will assume that Defendant has shown he has a qualifying medical condition.

That is not the end of the Court's analysis, however.  The factors contained in 18 U.S.C. § 3553(a) weigh in favor of Defendant serving the sentence imposed.  Defendant pleaded guilty to conspiracy to manufacture and distribute methamphetamine; Defendant was responsible for 1.5 to 5 kilograms of the drug.  This was not his first serious offense.  His convictions include criminal damage to property, burglary, being a habitual violator, possession of cocaine with intent to

3

distribute, reckless driving and fleeing, and possession of a firearm by a convicted felon.  His probation or parole has been revoked several times, indicating an inability to comply with Court supervision.   Indeed, Defendant was on probation when he committed the instant offense. Additionally, Defendant's behavior while incarcerated is concerning.  He has been involved in a stabbing, possession and use of drugs, possession of a dangerous weapon, and fighting.  Despite Defendant's medical condition, his medical records do not show that he is incapacitated in any way.  The Court cannot conclude, and Defendant has not shown, that Defendant would not be a danger if he were released.   Moreover, Defendant has already benefitted from significant sentencing considerations, including being allowed to plead to a lesser-included charge, receiving a downward departure, and receiving a sentence reduction under § 3582(c)(2).  To grant Defendant compassionate release at this juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:
October 9, 2020

_____
UNITED STATES DISTRICT JUDGE

4